

FILED
CLERK, U.S. DISTRICT COURT
MAY 20 2021
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIENGTHONG VILAYVANH,<br><br>Defendant. | Case No. 2:21-MJ-02503-DUTY<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On May 20, 2021, Defendant Viengthong Vilayvanh ("Defendant") appeared before the Court for initial appearance on the petition and warrant for revocation of supervised pre-trial release issued in this matter, Case No. 2:21-MJ-02503-DUTY. The Court appointed Julia Deixler of the Federal Public Defender's Office to represent Defendant.

///
///
///

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised pre-trial release, the Court finds that:

A. ☒ Defendant submitted to the Government's Request for Detention;

B. ☒ Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:
- Unverified background
- No bail resources
- Unemployed
- Extensive drug history
- Previous failure to appear

C. ☒ Defendant has not carried her burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:
- Multiple previous misdemeanor convictions
- Extensive drug history
- Untreated mental health issues

///
///
///
///
///

2

## III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

## IV.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant is remanded to the custody of the U.S. Marshal for forthwith removal to the Southern District of California. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i).]

Dated: May 20, 2021

/s/
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE